## In the Matter of James R. RECKER, II.

### No. 49S00–0603–DI–96.

Supreme Court of Indiana.

July 24, 2006.

### ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE

Pursuant to Ind. Admission and Discipline Rule 23, Section 11, the Indiana Su-

preme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating agreed facts and proposed discipline as summarized below:

**Facts:** On March 27, 2003, respondent was arrested for Operating While Intoxicated, a Class C Misdemeanor and Operating a Vehicle While Endangering a Person, a Class A Misdemeanor. On January 13, 2005, after a jury trial, respondent was convicted of both counts. He was sentenced on March 1, 2005 to 365 days in jail, suspended, placed on probation for 365 days, ordered to complete 40 hours of community service, complete and follow the recommendations of a drug/alcohol evaluation, pay a fine of $1,000 and have his driver's license suspended for 90 days.

On June 9, 2005, respondent was charged with Operating a Motor Vehicle While Intoxicated, a Class A Misdemeanor; Operating a Motor Vehicle with a Blood Alcohol Content Greater than .15%, a Class A Misdemeanor; Operating a Motor Vehicle While Intoxicated, a Class D Felony; and Operating a Motor Vehicle with a Blood Alcohol Content Greater than .10%, a Class D Felony. On January 25, 2006, respondent entered a plea of guilty to Operating a Motor Vehicle While Intoxicated, a Class D Felony. On March 1, 2006, the court sentenced him to 365 days in jail, with credit for 4 days, with all time suspended upon 365 days probation and 180 hours of community service.

**Violations:** By his conduct, respondent violated Ind. Professional Conduct Rule 8.4(b), which prohibits a lawyer from the commission of a criminal act that reflects adversely on a lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.

**Discipline:** Six (6) month suspension, stayed upon twelve (12) months probation with monitoring by Judges and Lawyers Assistance Program.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. Respondent is suspended for six (6) months with the entire six month period stayed subject to respondent's successful completion of twelve (12) months of probation. Respondent will comply with the terms of the Conditional Agreement, including adherence to terms and conditions proposed and monitored by the Judges and Lawyers Assistance Program, and abstinence from alcoholic beverages. If the respondent violates any of the terms of probation the Commission may seek an Order requiring service of the entire six (6) month suspension, with respondent required to seek reinstatement pursuant to Ind. Admission and Discipline Rule 23 §§ 4 and 18. Costs of this proceeding are assessed against the respondent. The Court further finds that with the acceptance of this agreement the hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to forward a copy of this Order to the hearing officer and in accordance with the provisions of Admis.Disc.R. 23, Section 3(d).

DICKSON, SULLIVAN, BOEHM and RUCKER, JJ., concur.

SHEPARD, C.J., dissents, believing a one year period of probation is inadequate.