**In the Matter of James R. RECKER, II, Respondent.**

No. 49S00–0902–DI–71.

Supreme Court of Indiana.

May 3, 2010.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUM-STANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Facts:** On January 4, 2008, Respondent was charged with operating a vehicle while intoxicated ("OWI"), a class D felony, and with being a habitual substance offender. On December 17, 2008, Respondent pled guilty to OWI as a class D felony with a habitual substance offender enhancement. He was sentenced to 1095 days on the felony conviction, with 180 days executed, followed by 365 days of probation on home detention with electronic monitoring. In addition, he received an additional 1095 days, all executed, as a habitual offender enhancement. The Commission filed a "Notice of Guilty Finding and Request for Suspension" on January 6, 2009. The Court entered an order of interim suspension effective March 28, 2009, under cause number 49S00–0901–DI–3.

*Disciplinary history.* Based on an incident on March 27, 2003, Respondent was convicted of OWI, a class C misdemeanor and OWI While Endangering a Person, a class A misdemeanor. Based on an incident on June 9, 2005, Respondent entered a plea of guilty to OWI, a class D felony.

The Commission filed a Verified Complaint charging him with violation of Professional Conduct Rule 8.4(b). On July 24, 2006, the Court approved a conditional agreement under which Respondent received a six-month suspension, all stayed upon 12 months probation with monitoring by the Judges and Lawyers Assistance Program. *See Matter of Recker,* 851 N.E.2d 295 (Ind. 2006) (with Shepard, C.J., dissenting, believing one year of probation was inadequate).

*Other facts.* The parties cite Respondent's disciplinary history as a fact in aggravation. Facts in mitigation are: (1) Respondent's misconduct was not directly related to his practice of law; (2) he has expressed remorse; (3) he has cooperated with the Commission; and (4) he has sought treatment to recover from his alcoholism and is currently abstinent from alcohol.

**Violations:** The parties agree that Respondent violated Indiana Professional Conduct Rule 8.4(b), which prohibits committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

**Discipline:** The parties propose the appropriate sanction is suspension for no less than one year, retroactive to March 28, 2009 (the effective date of Respondent's interim suspension), without automatic reinstatement. Regardless of the expiration of this period, however, Respondent shall be ineligible to petition for reinstatement until the end of his executed sentence.

The suspension the Court would impose for Respondent's serious and serial misconduct may have been longer had this matter been submitted without an agreement. We note, however, that regardless of the date on which Respondent is eligible to seek reinstatement, his petition would be granted only if he meets the most strin-

gent requirements of proving by clear and convincing evidence that his rehabilitation is complete and he can safely reenter the legal profession. *See* Admis. Disc. R. 23(4)(b). With this in mind, and in light of the Court's desire to foster agreed resolutions of lawyer disciplinary cases, the Court now APPROVES and ORDERS the agreed discipline. If reinstatement is sought, it would likely be granted only with the involvement of and monitoring by the Indiana Judges and Lawyers Assistance Program.

For Respondent's professional misconduct, **the Court suspends Respondent from the practice of law in this state for a period of at least one year, beginning March 28, 2009 (the effective date of Respondent's interim suspension), without automatic reinstatement. Respondent shall be ineligible to petition for reinstatement until the end of his executed sentence.** Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of one year's suspension or the end of Respondent's criminal sentence, whichever is later, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.